UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL S. SUBENKO,<br><br>Petitioner,<br><br>v.<br><br>THE COMMONWEALTH OF MASSACHUSETTS,<br>THE BROCKTON DISTRICT ATTORNEYS<br>OFFICE, and BROCKTON SUPERIOR COURT,<br><br>Respondents. | Civil Action No. 04-10023-GAO |

**RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

The respondents, by and through their counsel, respectfully submit this memorandum of law in support of their motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Michael S. Subenko. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. Because his conviction became final on September 25, 2002, Subenko had to file his federal habeas petition within a one-year limitations period that expired on September 25, 2003. This petition was not filed until January 5, 2004, however, more than three months after the limitations period had lapsed. Accordingly, the petition must be dismissed as time-barred.

**Prior Proceedings**

On January 11, 1999, a Hampden County jury found Subenko guilty of manslaughter, motor vehicle homicide, assault and battery (two counts), and receiving a stolen motor vehicle. [See Exh. A at p. 3]. See also Commonwealth v. Subenko, 53 Mass. App. Ct. 1104, 758 N.E.2d 174 (2001) (table) [Exh. B at p. 1]. On November 20, 2001, the Massachusetts Appeals Court affirmed four of

Subenko's convictions but set aside the motor vehicle homicide charge on the grounds that it was duplicative of the manslaughter conviction. [See Exh. B at pp. 2-3]. The Massachusetts Supreme Judicial Court ("SJC") denied leave for further appellate review on June 27, 2002. See Commonwealth v. Subenko, 437 Mass. 1105, 772 N.E.2d 590 (2002) (table) [Exh. C].

Eighteen months later, Subenko filed this habeas petition.

### Argument

A. **The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

Subenko's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

As set forth above, the SJC denied Subenko's application for further appellate review on June 27, 2002. [See Exh. C]. Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, Subenko's conviction became final on September 25, 2002. See 28 U.S.C. § 2244(d)(1)(A); Voravongsa v. Wall, 349 F.3d 1, 3 (1st Cir. 2003) (state conviction is final at expiration of ninety-day period to file petition for certiorari with the United States Supreme Court). Subenko therefore had until September 25, 2003 to bring a habeas petition. 28 U.S.C. § 2244(d); Currie v. Matesanz, 281 F.3d 261, 262 (1st Cir. 2002). The federal habeas petition in this case was not filed until January 5, 2004, over three months after the one-year limitations period had expired. The petition therefore is time-barred under the statute of limitations for habeas petitions and must be dismissed. 28 U.S.C. § 2244(d).

**B.     The Limitations Period Was Never Tolled.**

Nor is Subenko entitled to rely on the tolling provision set forth in § 2244(d)(2). That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." Id. While the state docket indicates that Subenko filed a motion to revise and revoke his sentence, he did not do so until November 24, 2003 – two months after the statute of limitations expired. [Exh. A at p. 6].[1]  Because Subenko's revocation motion was filed after the limitations

---

[1] Please note that Exhibit A contains both typewritten and computerized pages. This reflects a conversion from manual to computerized dockets. The docket is complete; the last typed entry is No. 47, and the first computerized docket entry is No. 48. [See Ex. A at pp. 4, 6].

period had lapsed, that motion did not toll the statute of limitations. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp.2d 95, 103 (D. Mass. 2001) (state-court motion filed after AEDPA's limitation period expired does not "revive" statute of limitations).[2]

Since Subenko's conviction became final on September 25, 2002, he had to file his habeas petition in federal court no later than September 25, 2003. There were no tolling events that extended the one-year limitations period. Consequently, because Subenko did not bring this petition until January 5, 2004, it is three and half months too late. Subenko's petition therefore must be dismissed as time-barred.

## Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed with prejudice.

Dated: March 31, 2004

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Natalie Monroe*
Natalie S. Monroe (BBO #562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2833

---

[2] In any event, a Rule 29 motion to revise and revoke does not toll AEDPA's statute of limitations because it is not "State post-conviction or other collateral review" required by 28 U.S.C. § 2244(d)(2). See Bland v. Hall, 2002 WL 989532, *2 (D. Mass., May 14, 2002), aff'd, 62 Fed. Appx. 361 (2003).

-5-

## Certificate of Service

    I hereby certify that on March 31, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the *pro se* petitioner, Michael S. Subenko, Prisoner W65867, Souza-Baranowski Correctional Center (Cell 40-L-2), P.O. Box 8000, Shirley, Massachusetts 10464.

                                                                                                           Natalie S. Monroe