# PETERSEN & SUCHECKI
*Attorneys at Law*
*44 School St*
*Sixth Floor*
*Boston, Massachusetts 02108*
*(617)-367-3200*

---

*Jennifer Petersen, Esquire*                              *Karl R. D. Suchecki, Esquire*

February 13, 2004

Mr. Michael A. Subenko
W65867
MCI Norfolk, SMU Cell 332
Post Office Box 43
Norfolk, Massachusetts 02056-0043

    Re: <u>Commonwealth v. Subenko</u> - 1999-P-1404

Dear Michael:

    I am in receipt of your correspondence dated January 31 and postmarked February 3, 2004. I was somewhat surprised by its tone and content, especially in light of our prior, amiable relationship and the pleasant conversation we had about two weeks ago. A careful review of the letter makes it clear that, while you may have signed the document, you did not draft it. (This is evidenced by, <u>e.g.</u>, the fact your name is misspelled.) Despite this, let me address the points which are raised in the letter.

    1.   <u>With respect to the possibility of your filing a Rule 30 Motion, as we have discussed several times, I believe you may have good grounds to do so.</u> The two issues I recall having talked about raising include: 1) the possibility that the police threatened your then-girlfriend and her mother on the eve of trial in order to dissuade your girlfriend from testifying on your behalf, and 2) the statements you claim were made by a tow truck driver regarding marks allegedly made by a police cruiser on the vehicle you were driving, which marks might evidence the fact the police pushed the vehicle into oncoming traffic. At the time I closed the case involving your direct appeal and application for further review, you indicated that you wanted to wait to file a Rule 30 Motion because you hoped to reestablish contact with your girlfriend and that she would recant her testimony that she was not threatened into not testifying on your behalf. My position was and is the same: if either or both of these issues is ripe or becomes ripe, I would recommend that you be appointed counsel to assist you in pursuing them.

Mr. Michael A. Subenko
February 13, 2004
Page 2 of 2

    2.    I am unaware that your competency has ever been at issue in this case.

    3.    I agree that you initially requested that we raise the issue of Attorney Mondano's alleged ineffective assistance at trial but, as I told you at that time, in my opinion the record did not reflect that he provided you with less than what is required by the legal standard of an "ordinary fallible lawyer." Assuming there was ineffective assistance of counsel which is not reflected in the appellate record, the issue is something that may be able to be addressed in a Rule 30 motion.

    4.    I am unsure what this point regarding "prejudice" and "conflict of interest" refers to (except, perhaps, for my alleged failure to claim that Attorney Mondano's representation of you was ineffective). Regardless, as I stated above, my recommendation to Attorney Nathanson would be that, if any of the issues we discussed become ripe, you should be appointed counsel for purposes of a Rule 30 Motion for New Trial.

    5.    As you know, we did not meet because I was in my last trimester of pregnancy at the time I was briefing your case. We were in contact - via telephone and mail - and at that time you agreed to waive the in-person meeting.

    6.    With respect to your assertion that I am "covering up" Attorney Mondano's ineffective assistance at trial, this is simply a baseless accusation which does not warrant discussion.

    Finally, as you know (and as we discussed roughly two weeks ago), I have been appointed to represent you on your upcoming Sentence Appeal this May. When we last spoke, you did not reveal any dissatisfaction with my previous representation of you or the fact I had been reassigned to you. Your recent correspondence, however, seems to indicate that you are/were unhappy with my representation, despite the fact I managed to get your vehicular homicide conviction overturned and the indictment against you dismissed. <u>If you do not want me to continue to represent you, please let me know in writing at your earliest convenience. Assuming that is the case, it is imperative that new counsel be appointed immediately in order that he or she has time to prepare your sentence appeal which is scheduled to be heard in May</u>.

                                                          Very truly yours,

                                                       Jennifer Petersen, Esquire