UNITED STATES DISTRICT COURT
**District of Massachusetts**

Civil Action No: 04-10023-GAO

MICHAEL A. SUBENKO

vs.

MR. LUIS SPENCER

MOTION FOR RELIEF FROM JUDGEMENT PURSUANT TO F.R.Civ.P.60(a)

NOW COMES the Petitioner, Michael Subenko, with the help of another prisoner, and hereby moves that this Honorable Court grant him relief from the judgement that dismissed this action "because it was untimely filed". It has recently come to the petitioner's attention that there were in fact errors arising from oversight, or even omission in the record filed by the Respondent, that would permit this Court to correct them in order to ensure fairness. See: F.R.Civ.P. 60(a). The errors were of great magnitude and would actually place petitioner with "tolling-time money in the pocket" if such existed. In this chase, petitioner has acted with more "due dilligence" than possibly 99% of those in his shoes. Of course he is viewed as a nuisance by his numerous filings, mostly confusing, and conspiracy theoried assertions. Again, there is no denying his diligence! For years, day in and out he speaks to any listening ear and then acts on their advice (even if ludicrous). He has the firm belief that he is being the scape-goat, rather than a party to causing the horific car accident. He accepts responsibility for playing a part in the deadly accident but others, Officials meant to uphold the law, refuse to admit their part! Nonetheless, for the following reasons, this Honorable Court

2.

should correct the errors that would have kept this action on the docket because the petitioner is far from being time-barred and the record supports this conclusion.

This petition has a core allegation that the petitioner was deprived of his constitutional right to fundamental fairness as a competent young man. As noted, there was never a determination of "competency" during the state proceedings. The issue to keep your eye on is petitioner's **CLAIM** to not being competent to stand trial. Pursuant to the AEDPA of 1996, 28 USC §2244(d):

> (2)The time which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement **or claim** is pending **shall not be counted toward any period of limitation under this subsection.** 28 USC §2244(d)(emphasis added)

On January 19, 1999, petitioner filed a "pro se notice of appeal from sentence to MCI Cedar Junction" which was docketed as paper #35.(Pg.3)(All attached items in support will only list the page number). The court sent notice of the filing to the "Administrative Justice, Justice, Clerk of the Appellate Division and counsel..." Id. Entry #37. Then, in April of 2004, Attorney Foley informed the petitioner that he was appointed to represent him for the "sentence appeal". (Pg.5). Part of the issue on said appeal related to petitioner's **CLAIM** surrounding his lack of competency not being considered by the court. In May/June of 2004 the appeal became final and thus also started the tolling.

On another occasion after the petitioner properly filed a Motion for Revise & Revoke which also partly included the competency **CLAIM**, a Clerk ineptly returned the motion. The Clerk's letter states: "This motion is being returned to you because it was not properly filed. [Such] must be filed within 60 days of imposition of sentence".(Pg.7). The Clerk is incorrect and merely kept the conspiracy moving through the petitioner's thoughts, he lost any

3.

belief in the bevy of coincidences and obstacles keeping him from addressing the lack of fundamental fairness because acting with the only 'due diligence' he knew of was labeling him as a threatning citizen, not one who deserves the fairness in which he is entitled. Not exoneration, just fairness.

Not only could the petitioner file a Revise & Revoke after the imposition of the sentence, he also could "within sixty days after rescript by the trial court or rescript issued upon affirmance of the judgement of an appellate court denying review of, or having the effect of upholding, a judgement of conviction, may, upon such terms and conditions as [the judge] shall order, revise and revoke such sentence if it appears that justice may not have been done". M.R.CR.P. 29(a). Taking into account that further review was denied on June 27, 2002 (Pg.6) and comparing such with the 'returned' filing which is dated August 27, 2002 (Pg.7), undoubtedly discloses that the petitioner was in fact properly filed and DENIED access to the Court to assert the CLAIM being visited in this Honorable Court.

Under the AEDPA of 1996(2), Petitioner's CLAIM related to a lack of competency was before the State court system in his Revise & Revoke filing in 2002 and in the appeal of his sentence since 1999 until decided in May/June of 2004. The competency CLAIM was without doubt at all times pending review in the state proceedings and "shall not be counted toward any period of limitation under [the AEDPA]". Id. It wouldn't be prudent to have four (4) simultaneous reviews of one CLAIM going on in different forums. The AEDPA is therefore protecting and savoring petitioner's CLAIM of being deprived of basic fundamental fairness which would only be ensured with his being competent to stand trial. See: Drope v. Missouri, 420 U.S. 162, 181-82 (1975). Petitioner's statute of limitations has been tolled since 1999 (even prior to other court reviews related to conviction), and he deserves an opportunity to ripen his CLAIM.

4.

Where it is without doubt that due to some sort of oversight or omission in the record, petitioner's **CLAIM** that he was uncompetent to stand trial was not recognized, and that the **CLAIM** was at all times pending review in the state court proceedings since at least 1999, this Honorable Court should reverse its decision based on the incorrect information that the Petition was untimely filed. The **CLAIM** has in fact kept the tolling time from ever starting and therefore the diligence of this petitioner is extraordinary. He has never sat-down or paused his pursuit, even though he knew not what he was suppose to do after being denied assistance at every turn. The judicial forums main goal is that "due diligence" be exercised, not educated diligence. This is the proper case to utilize F.R.Civ.P. 60(a) to correct the record and decision based uopn the incorrect/incomplete information.

<u>Verification of Drafting/Researching</u>
I Verify that I drafted & researched the content of this motion with the permission of the Petitioner.

3/15/05
Date            Brian Jennings

<u>CERTIFICATE OF SERVICE</u>
I, Michael Subenko, certify that a true copy of this motion was this day mailed to the Asst.Atty.Gen., N.Monroe, at One Ashburton Pl., Boston, MA. 02108.

3/15          Michael Subenko
Date

Respectfully Submitted,

Michael Subenko, pro se,
P.O. Box 8000
Shirley, MA. 01464-8000

DATED: 3/15/05

# SUPERIOR COURT, CRIMINAL

**INDICTMENT NO.** 98760

**COMMONWEALTH**

**VS.**

MICHAEL A. SUBENKO
Weymouth

| OFFENSE | PLACE | PRESIDING JUSTICE | COURT REPORTER |
|---|---|---|---|
| MAnslaughter | Hingham | Barrett | B.StCharles |

**COUNSEL FOR COMMONWEALTH**
Geline Williams, ADA

**COUNSEL FOR DEFENDANT**
Richard Barrett, Boston
J. Petersen, Boston

## DOCKET ENTRIES

| DATE | NO. | |
|---|---|---|
| 1996 November 26 | 1 | Returned into court and ordered filed |
| December 11 | | Case continued to December 20, 1996 by agreement for arraignment (DelVecchio,J) K.Lindelof, court reporter |
| December 13 | 2 | Habeas issued for defendant in Lemuel Shattuck Hospital to appear in Brockton on December 20, 1996 |
| 1997 January 14 | 3 | Habeas issued for defendant in Lemuel Shattuck Hospital to appear in Brockton on January 22, 1997 |
| January 22 | 4 | Appearance of Richard Barrett for the defendant |
| | | Pleads not guilty |
| | | Defendant ordered held without bail without prejudice |
| | | Defendant notified of bail rights under chapter 276, section 58 |
| | 5 | Commonwealth's motion for an order of pre-trial detention; filed and allowed without prejudice |
| | 6 | Special mittimus on indictment issued |
| | | Case continued to February 14, 1997 for pre-trial conference (Doerfer,J) D.cerone, court reporter |
| February 27 | 7 | Pre-trial conference report filed |



| DATE | NO. | DOCKET ENTRIES - (CONTINUED) |
|---|---|---|
| 1997 March 17 | 8 | Defendant's motion for discovery and production of discoverable information |
| | 9 | DEfendant's motion for a copy of turret tape |
| May 6 | | Case cont. to may 16, 1997 by agreement for status (Tierney, J.) S. BAtes, court reporter |
| May 16 | | Case cont. to May 30, 1997 by agreement for status (Tierney, J.) S. Bates, court reporter |
| August 25 | | Case cont. to Oct. 27, 1997 by agreement for trial (Brady, J.) R. Griffin, court reporter |
| October 1 1998 | 10 | Habeas issued for deft at Shattuck Hospital to appear in Brockton Oct. 27, 1997 |
| January 30 | | Case cont. to March 10, 1998 by agreement for conference Case cont. to March 30, 1998 by agreemetn for trial (Hely, J.0 D. Saulinier, court reporter |
| nuary 8 | | CAse continued to Janaury 21, 1998 by agreement fro for conference and trial assignment (Hely,J) |
| rch 10 | | Case continued to March 31, 1998 by agreement for trial (Hely,J) R.Griffin, court reporter |
| rch 31 | 11 | Withdrawal of appearance of J. Denner for the defendant |
| | 12 | Withdrawal of appearance of R. BArrett for the defendant |
| | 13 | Appearance of F. MOndano for the defendant Case continued to April 28, 1998 for trial assignment (Hely,J) R.Griffin, court reporter |
| uly 13 | 14 | Defendant's motion for specific discovery I |
| uly 16 | | DEft's mtion for specific discovery I; Item 5 denise after hearing (see #14) (Hely, J.) |
| October 27 | | Case cont. to Dec. 14, 1998 for trial by agreement (Hely, J.) S. Bates, court reporter |
| December 4 | | Case called in Second Criminal session for conference with the Court and trial scheduling After conference the Court schedules this matter for Jan. 4, 1999 at 9:00 am for trial (DelVecchio, J.) M. Silva, court reporter |
| 1999 January 4 | 15 | Defendant's motion in limine (commonwealth witnesses); see record) |
| | 16 | Defendant's motion to sequester witnesses; allowed see record |
| | 17 | Defendant's motion in limine to prohibit evidence of prior misconduct; allowed in part, denied in part see record |
| | 18 | Defendant's motion for individual voir dire and proposed questions; allowed in part, denied in aprt see record |
| | 19 | Defendant's motion in limine to preclude the commonwealth from impeaching the defendant's credibility with evidence of prior convictions; allowed in part, denied in part(see record |
| | 20 | Commonwealth's motion for a view; allowed |

SUPERIOR COURT, CRIMINAL

CONTINUATION SHEET ___TWO___    INDICTMENT NO. 98760

COMMONWEALTH VS. MICHAEL A. SUBENKO

(3)

DOCKET ENTRIES

| DATE 1999 | NO. | |
|---|---|---|
| January 4 | 21 | Commonwealth's motion in limine (1) and memorandum in support of motion in limine to admit evidence of the defendant's prior flight from police resulting in a collision causing injuries as relevant to the defendant's state of mind, plan, pattern of conduct, intent or motive; allowed in part see record |
| | 22 | Commonwealth's motion in limine (V) to preclude defense questioning of police and other witnesses concerning obtaining legal counsel after the collision or inquiry into advise from legal counsel; see record |
| | 23 | commonwealth's motion for disclosure of expert witness information; see record |
| | 24 | Commonwealth's memorandum regarding simultaneous prosecution of indictments charging vehicular homicide and involuntary manslaughter; see record |
| | 25 | Commonwealth's motion in limine (II) memorandum to admit evidence of the defendant's prior robbery of a purse relevant to the defendnat's state of mind, plan, pattern of conduct, intent or motive; allowed in part see record |
| | 26 | Commonwealth's motion in limine (IV) and memorandum in support of exclusion of evidence of police policy and procedure governing high speed chases and evidence of other police conduct; see record |
| | 26½ | Commonwealth's motion in limine (III) to exclude state police transmission tapes; see record |
| | 27 | Jury of 14 members impaneled (Barret,J) R.Griffin, court reporter |
| January 7 | 28 | Defendant's oral motion to strike Sgt's Places' testimony; Denied and denied (Barrett,J) |
| January 8 | 29 | Commonwealth's motion to strike so much of the indictment number 98761 "Motor Vehicle Homicide" as alleges "recklessly"; Allowed |
| | 30 | Defendant's motion for a required finding of not guilty at the close of all evidence; filed and denied (Barrett,J) |
| January 11 | 31 | Verdict of Guilty |
| | | Sentenced 12-15 years, MCI Cedar JUnction, From and After any sentence presently serving |
| | | Defendant notified of right to appeal case |
| | 32 | Clerk's written statement under superior court rule 65 |
| | | Defendant notified of right to appeal sentence within 10 days |
| | 33 | $60 Victim Witness Fee Imposed |
| | | Warrant for commitment with assessment |
| | 34 | Abstract sent to the Registry of Motor Vehicles (Barrett,J) B.StCharles, court reporter |
| January 19 | 35 | Defendant's pro-se notice of appeal from sentence to MCI Cedar Junction |
| January 21 | 36 | Appearance of G. Williams for the commonwealth |
| February 4 | 37 | Notice to Administrative Justice, Justice, Clerk of the Appellate Division and counsel of defendant's pro-se appeal from sentence |

| 1999 DATE | NO. | DOCKET ENTRIES - (CONTINUED) |
|---|---|---|
| Feb. 8 | 38 | Defendant's notice of appeal filed |
| Feb. 8 | 39 | Notice to Justice, District Attorney and counsel of notice of appeal |
| | 40 | Clerk's certificate that transcript has been ordered form B. St. Charles, R. Griffin |
| February 5 | 37½ | $60 Victim Witness Fee Paid |
| May 3 | | Transcript received from R.Griffin (1 volume) |
| July 12 | 41 | Transcript received from B.StCharles(5 volumes) |
| July 22 | 42 | Notice to D.A. and defense counsel that transcript are available (6 volumes) |
| August 18 | 43 | Record on appeal transmitted to Appeals Court |
| | | Notice to District Attorney and counsel that record on appeal has been transmitted to Appeals Court |
| Aug. 19 | 44 | Clerks certificate that D.A. has received copy of transcript (6 volumes) |
| Nov. 4 | 45 | Appearance of Petersent for deft. |
| November 12 | 46 | Clerk's certificate that defense counsel has received copy of transcript (6 volumes) |
| 2002 March 4 | 47 | ORDER(APPEALS COURT): The judgments on the manslaughter, assault and battery by means of dangerous weapon, and receiving stolen motor vehicle convicitons are affirmed. The judgment on the vehicular homicide indictment is reversed, the verdict is set aside and the indictment is dismissed, entered November 20, 2001 |



**Thomas C. Foley**
Attorney at Law
P.O. Box 2187
South Hamilton, MA 01982
Collect calls: (978) 921-0217

April 26, 2004

Michael Subenko
Souza-Baronowski Correctional Center
PO Box 8000
Shirley, MA 01464

Re: <u>Screening Assignment</u>

Dear Michael:

I received your two letters, including your letter listing dozens of cases that you feel support your arguments.

I will look at those cases, but I must admit that upon reading your summaries of them it appears that very few will be helpful to you, as most are clearly distinguishable. However, I will review them, and I will re-review your medical records, and I will speak with your trial counsel.



I am afraid that I cannot file the many motions your requested me to file. Unless we find a meritorious issue, and until we obtain CPCS's permission for me to represent you, I am not allowed to file any motions on your behalf. I am sorry for any disappointment this may cause you.

I will be looking into you case more thoroughly in the coming weeks, and I will report back to you my findings.

<u>In the meantime, let me report to you that CPCS assigned me to represent you on your sentence appeal to the Appellate Division of the Superior Court.</u> This hearing should be coming up in a few weeks. Therefore, please write to me regarding what arguments you think would be helpful. Specifically, we are only allowed to argue things that existed at the time you were sentenced. The Court is not allowed to consider things that have happened since then (such as things that have happened to you in prison). In addition, they are not allowed to re-hear arguments on why you should not have been convicted. They are only interested in your sentence, not your conviction.

It was a pleasure to meet with you the other day. I look forward to hearing from you.

**Supreme Judicial Court for the Commonwealth of Massachusetts**
1412 Courthouse, Boston, Massachusetts 02108
(617) 557-1020

Jennifer Marie Petersen, Esquire
Petersen & Suchecki
44 School Street, 6th Floor
Boston, MA 02108

RE: Docket No. FAR-12670

**COMMONWEALTH**
vs.
**MICHAEL SUBENKO**

## NOTICE OF DENIAL OF F.A.R. APPLICATION

Please take note that the above-captioned Application for Further Appellate Review has been considered by the Court and is denied. The Motion to File Application Late is allowed.

Susan Mellen, Clerk

Dated: June 27, 2002

To: Gail M. McKenna, A.D.A.
    Jennifer Marie Petersen, Esquire



ALL COMMUNICATIONS SHOULD BE ADDRESSED TO THE CLERK

# Commonwealth of Massachusetts
## County of Plymouth
### Office of Clerk of the Courts
72 Belmont Street

Brockton, Massachusetts 02401

**FRANCIS R. POWERS**
CLERK

TELEPHONE:
BROCKTON 508 - 583-8250
PLYMOUTH 508 - 747-6911

Michael Subenko
M.C.I. Souza-Baranowski
P.O. Box 8000
Shirley, MA. 01464

August 27, 2002

RE: Commonwealth v. Michael Subenko
  No. 98760

Dear Mr. Subenko:

Enclosed please find your Motion to Revise and Revoke Sentence. This motion is being returned to you be cause it was not properly filed. Motions to Revise and Revoke must be filed within 60 days of imposition of sentence.

Very truly yours,

Dawn Irving
Clerk's Office

cc;file
  W.A.