UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10023-GAO

MICHAEL A. SUBENKO,
Petitioner,

v.

LUIS SPENCER,
Respondent

ORDER
April 12, 2005

O'TOOLE, D.J.

The petitioner has submitted a paper he has captioned "Motion for Relief from Judgment Pursuant to F.R.Civ.P. 60(a)," by which he seeks relief from this Court's judgment dismissing as untimely his habeas corpus petition brought under 28 U.S.C. § 2254. The petitioner's principal argument in favor of the relief sought is that the pendency of his appeal of his sentence to the Appellate Division of the Superior Court pursuant to Mass. Gen. Laws ch. 278, §§ 28A-28C suspended the running of the limitations period established by 28 U.S.C. § 2244(d). The motion is denied for both procedural and substantive reasons.

As a matter of procedure, Rule 60(a) permits the correction of a judgment to rectify clerical errors and errors "arising from oversight or omission." Fed. R. Civ. P. 60(a). It does not provide a means of presenting new grounds for relief from a judgment. To the extent that Rule 60 affords the petitioner any possibility of relief, it would rather be under subparagraph (b), perhaps its "catch-all" subsection (6), authorizing a court to grant relief for "any other reason justifying relief from the operation of the judgment." Id. 60(b)(6). "To justify relief under subsection (6), a party must show

extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 393 (1993) (internal quotation marks omitted). "If a party is 'partly to blame,' Rule 60(b)(6) relief is not available to that party; instead, 'relief must be sought within one year under subsection (1) and the party's neglect must be excusable.'" Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002) (quoting Pioneer Inv. Servs., 507 U.S. at 393). Even though he is acting pro se, the plaintiff must satisfy this requirement. The fact that he overlooked an argument he might have made earlier does not amount to an "extraordinary circumstance" that permits him to invoke Rule 60(b).

As a substantive matter, the petitioner's argument is unconvincing. In his case, the one-year limitation period for filing the habeas petition began to run as of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That date was September 25, 2002, when the time for filing a petition for certiorari with the Supreme Court of the United States expired.

The continued pendency of his appeal of his sentence to the Appellate Division of the Superior Court did not affect the commencement of the limitations period. Under Massachusetts law, an appeal of a sentence to the Appellate Division permits an adjustment of a sentence lawfully imposed within the sentencing limits applicable to the crime of conviction. It is, simply put, a second bite at the sentencing apple, an appeal to a three-judge panel to substitute its sentencing judgment for that of the original sentencing judge. It is not an appeal from the conviction, but rather assumes the validity of the conviction. See Mass. Gen. Laws ch. 278, § 28B. See also Commonwealth v. McCravy, 723 N.E.2d 517, 524 (Mass. 2000); Commonwealth v. White, 724 N.E.2d 726, 730-31 (Mass. 2000).

Since the appeal of the sentence to the Appellate Division does not assert a legal defect but merely seeks an equitable reassessment of the punishment imposed on a lawful conviction, the grounds that may be asserted in favor of adjusting the length or type of the sentence do not entail a claim that the petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The appeal does not seek collateral review of the judgment of conviction itself, and the tolling provision of 28 U.S.C. § 2244(d)(2) does not apply.

The petitioner's motion is DENIED.

It is SO ORDERED.

April 12, 2005
Date

_/s/ [signature]_
District Judge