**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 05-1021

MICHAEL A. SUBENKO,

Petitioner, Appellant,

v.

COMMONWEALTH OF MASSACHUSETTS, ET AL.,

Respondent, Appellees.

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: March 21, 2006

    Petitioner Michael A. Subenko has applied for a certificate of appealability (COA) to appeal from the dismissal of his habeas petition, filed under 28 U.S.C. § 2254. The district court dismissed the petition on the ground that it was time-barred. See 28 U.S.C. § 2244(d)(1). Petitioner argues that we should grant a COA on the question whether the limitations period should have been tolled during the pendency of what petitioner considers to be two "properly filed application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claim." See 28 U.S.C. § 2244(d)(2).

    The first application, a Motion to Revise and Revoke, never was "pending" in the state court and, thus, does not come within the literal terms of § 2244(d)(2). The district court determined that the second application, a sentence review pursuant to M.G.L.c. 278, § 28B, does not qualify for tolling purposes essentially because the Appellate Division has no jurisdiction to consider any

of the kinds of claims that a petitioner might raise in a § 2254 petition. We conclude that reasonable jurists could not find this procedural ruling debatable or wrong. See Rodriguez v. Spencer, 412 F.3d 29, 36 (1st Cir. 2005) (stating that an application before a state sentence review panel does not amount to "an application for other collateral review of the judgment or claim" within the meaning of § 2244(d)(2)), cert. denied, 126 S. Ct. 1151 (2006).

In any event, petitioner is not entitled to a COA on the merits of his claim that his trial attorney had provided ineffective assistance by failing to raise his (petitioner's) competency to stand trial. Petitioner's evidence proffered with his § 2254 petition simply does not show anything other than a fully competent individual. Thus, petitioner has failed to raise any triable issue with respect to competency and has failed to demonstrate any prejudice from counsel's alleged omission. See Strickland v. Washington, 466 U.S. 668 (1984).

The application for a COA is denied, and this proceeding is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
Chief Deputy Clerk.

Certified and issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk
Date: 4/11/6

[cc: Natalie Monroe, AAG, Michael Subenko]